**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**American Federation of State,**
**County and Municipal Employees,**
**Council 25, as an organization, and**
**representative of its members,**                    Case#
**Catherine Phillips, and**                            Hon. Judge
**Charles Williams**

       Plaintiffs,

V

**Terri Lynn Land,**
**Michigan Secretary of State,**
**and Christopher M. Thomas, Director of**
**Bureau of Elections, in their official capacities,**

       Defendants.

_____/

**HERBERT A. SANDERS (P43031)**         **Aina N. Watkins (P69196)**
**THE SANDERS LAW FIRM, P.C.**          **Staff Attorney**
Attorney for Plaintiffs                 **Michigan AFSCME Council 25**
635 Beaubien                            Attorney for Plaintiff AFSCME
Detroit, MI 48226                       only
Phone (313) 962-0099                    600 W. Lafayette, Ste. 500
Fax (313) 962-0044                      Detroit, MI 48226
                                        Phone (313) 964-1711 ext. 237
                                        Fax (313) 964-0230

_____/

# PLAINTIFFS' COMPLAINT
# FOR DECLARATORY JUDGMENT
# AND INJUNCTIVE RELIEF

**NOW COME** the Plaintiffs, by and through their attorneys, and for their complaint state as follows:

1. This action arises under *Voting Right Acts 42 U.S.C. § 1971, as amended,* and *42 USCS § 1973 as amended, the First, Fifth, Fourteenth and Fifteenth Amendments to the Constitution of the United States.*

2. It seeks a declaratory judgment that the Defendants' interpretation and application of its interpretation of *MCL 168.744* is in violation of *MCL 168.744, 42 U.S.C. § 1971, as amended, 42 U.S.C. § 1973 as amended,* the *First, Fifth, Fourteenth and Fifteenth Amendments;* and preliminary and permanent injunctions against the application and enforcement of Defendants' interpretation of the Act.

3. Jurisdiction is conferred on this Court *by Title 28 USCS §§ 1343(3) and (4), 2201 and 2202, and by U.S.C.  §§ 1971 (d) and 1973 (j)(f); and Title 42 USCS 1983.*

4. Private litigants may enforce their rights under *42 U.S.C. § 1971 and 42 USCS § 1973* by bringing a suit under *42 U.S.C. § 1983.*

5. *42 U.S.C. § 1983* authorizes suits for the deprivation of a right secured by the Constitution or the laws of United States caused by a person acting under the color of state law.

6. Plaintiff AFSCME Council 25 is a labor union located within the State of Michigan, with over 90,000 members throughout the State of Michigan.

7. Plaintiff AFSCME Council 25 brings this cause of action as an organization, and representative of its members.

8.  The majority of Plaintiff's members are qualified electors throughout the State of Michigan.

9.  Many of Plaintiff's members are ethnic minorities, including, but not limited to African American, and Hispanic.

10. Plaintiff, AFSCME Council 25 members have obtained buttons and shirts evidencing issues of concern, support for various issues and admiration for various candidates, some of which will appear on the November 4, 2008 ballot.

11. It is the intent of the members of Plaintiff, AFSCME Council 25 to wear the buttons and shirts, at the voting polls, while in line waiting to vote, and while voting.

12. Plaintiff Catherine Phillips is an African American, resident of Wayne County Michigan, registered voter, and member of AFSCME Council 25.

13. Plaintiff Charles Williams is an African American, resident of Wayne County Michigan, registered voter, and member of AFSCME Council 25.

14. Both Plaintiffs Phillips and Williams intend to wear buttons and shirts that will evidence their support of particular issues and/or candidates, at the voting polls, while in line waiting to vote, and while voting on November 4, 2008.

15. The wearing of buttons and shirts by the Plaintiffs is constitutionally protected speech, involving matters of public concern.

16. Defendant Terri Lynn Land (Land) is the duly elected Michigan Secretary of State.

17. Defendant Land is sued in her official capacity as Secretary of State of the State of Michigan.

18. Defendant Land's official residence is the Treasury Building, 1st Floor, 430 West Allegan, Lansing, MI 48918.

19. In her capacity as Secretary of State, Defendant Land is the chief election officer of the state and has supervisory control over local election officials.

20. In accordance with *MCL 168.31*, the Michigan Secretary of State is charged with election duties inclusive of but not limited to:

> *(a) Issue instructions and promulgate rules for the conduct of elections and registrations in accordance with the laws of this state.*
>
> *(b) Advise and direct local election officials as to the proper methods of conducting elections.*
>
> *(c) Publish and furnish for the use in each election precinct before each state primary and election a manual of instructions that includes specific instructions on assisting voters in casting their ballots, directions on the location of voting stations in polling places, procedures and forms for processing challenges, and procedures on prohibiting campaigning in the polling places.*
>
> *(d) Publish indexed pamphlet copies of the registration, primary, and election laws and furnish to the various county, city, township, and village clerks a sufficient number of copies for their own use and to enable them to include 1 copy with the election supplies furnished each precinct board of election inspectors under their respective jurisdictions.*
>
> *(e) Prescribe and require uniform forms, notices, and supplies the secretary of state considers advisable for use in the conduct of elections and registrations.*
>
> *(f) Establish a curriculum for comprehensive training and accreditation of all county, city, township, village, and school elections officials.*
>
> *(g) Establish and require attendance by all new appointed or elected election officials at an initial course of instruction within 6 months before the date of the election.*

> *(h) Establish a comprehensive training curriculum for all precinct inspectors.*

21. Defendant Christopher M. Thomas (Thomas) is the Director of the Bureau of Elections.

22. Defendant Thomas is sued in his official capacity as Director of Elections for the State of Michigan.

23. Defendant Thomas' official residence is the Treasury Building, 1st Floor, 430 West Allegan, Lansing, MI 48918.

24. Defendant Thomas is vested with the powers of the Secretary of State with respect to elections and is responsible for the supervision and administration of the election laws, under the supervision of the Secretary of State.

25. The Bureau of Elections is a subdivision of the Michigan Secretary of State office*.*

26. Specifically, concerning the Bureau of Elections, *MCL 168.32* states in part:

> *There is hereby continued in the office of the secretary of state the bureau of elections created by Act No. 65 of the Public Acts of 1951, under the supervision of a director of elections, to be appointed by the secretary of state under civil service regulations. The director of elections shall be vested with the powers and shall perform the duties of the secretary of state under his supervision, with respect to the supervision and administration of the election laws.*

27. The claims set forth in this Complaint are brought against both Land and Thomas (collectively referred to as Defendants) in their official capacities.

28. *MCL 168.744*, delineates the following prohibited acts concerning any election within the State of Michigan:

*(1) An election inspector or any other person in the polling room or in a compartment connected to the polling room or within 100 feet from any entrance to the building in which the polling place is located shall not persuade or endeavor to persuade a person to vote for or against any particular candidate or party ticket, or for or against any ballot question that is being voted on at the election. A person shall not place or distribute stickers, other than stickers provided by the election officials pursuant to law, in the polling room or in a compartment connected to the polling room or within 100 feet from any entrance to the building in which the polling place is located.*

*(2) A person shall not solicit donations, gifts, contributions, purchase of tickets, or similar demands, or request or obtain signatures on petitions in the polling room or in a compartment connected to the polling room or within 100 feet from any entrance to the building in which the polling place is located.*

*(3) On election day, a person shall not post, display, or distribute in a polling place, in any hallway used by voters to enter or exit a polling place, or within 100 feet of an entrance to a building in which a polling place is located any material that directly or indirectly makes reference to an election, a candidate, or a ballot question. This subsection does not apply to official material that is required by law to be posted, displayed, or distributed in a polling place on election day.*

*(4) A person who violates this section is guilty of a misdemeanor.*

29. Within the *Michigan Department of State, Bureau of Elections, Election Inspector Training Coordinator Accreditation Workshop Manual*, the Defendants give the following directions to Election Inspectors:

> *Election Inspectors have the right to ask voters entering the polls to remove campaign buttons or cover up clothing bearing a campaign slogan or a candidate's name.*
> ***
> *If a person persists in violating any of the above restrictions, contact the clerk or, if necessary, local law enforcement authorities. See Exhibit 1.*

30. Based upon information and belief, Defendants have misinterpreted the prohibited acts as delineated in *MCL 168.744* to prohibit the wearing *of "campaign buttons, or clothing bearing a campaign slogan or a candidate's name".*

31. In that the Defendants give Election Inspectors the arbitrary "*right to ask voters [at their discretion] to remove campaign buttons or cover up clothing bearing a campaign slogan or candidate's name",* the possibility exist that such authority will be used in a arbitrary, discriminatory and/or inconsistent manner, resulting in an abridgement and/or denial of Plaintiffs AFSCME Council 25 members, Phillips, Williams, and others similarly situated of the right to vote.

32. The directive given by the Defendants to Election Inspectors violates the constitutional, civil and voting rights of Plaintiffs AFSCME Council 25, Phillips, Williams, and others similarly situated in that it intimidates, threatens or coerces persons for urging a person to vote, and intimidates, threatens or coerces persons for exercising powers and/or duties under the *Voting Right Acts as amended, and the First, Fifth, Fourteenth, and Fifteenth Amendments to the Constitution.*

33. The directive given by the Defendants to Election Inspectors violates the constitutional, civil and voting rights of Plaintiffs AFSCME Council 25, Phillips, Williams, and others similarly situated in that it gives Election Inspectors the *"right to [arbitrarily] ask voters entering the polls to remove campaign buttons or cover up clothing bearing a campaign slogan or a candidate's name;"* and thus denies the Plaintiffs of the equal protection of the law.

34. The directive given by the Defendants to Election Inspectors violates the constitutional, civil and voting rights of Plaintiffs AFSCME Council 25, Phillips, Williams, and others similarly situated in that it directs Election Inspectors to request law enforcement assistance to enforce the deprivation of the constitutional, civil, and voting rights of the Plaintiffs.

35. Based upon information and belief, the directive given to Election Inspectors by the Defendants is as a result of the Defendants' misinterpretation and/or misapplication of *MCL 168.744.*

36. Under these facts, there is an actual controversy between the parties, and a multiplicity of litigation will be avoided if all of these issues are determined by this court at one time.

37. This court has jurisdiction to adjudicate the matters at issue and enter its judgment declaring the rights of all parties to this action.

38. It is necessary for this court to adjudicate and declare the rights of the parties to this action to guide Plaintiffs' future conduct and preserve their legal rights.

### Count I
### Violation of *MCL 168.744*

39. Plaintiffs hereby incorporate by reference paragraphs 1 through 38.

40. *MCL 168.744* prohibits the following acts during an election within the State of Michigan:

> *(1) An election inspector or any other person in the polling room or in a compartment connected to the polling room or within 100 feet from any entrance to the building in which the polling place is located shall not persuade or endeavor to persuade a person to vote for or against any particular candidate or party ticket, or for or against any ballot question that is being voted*

*on at the election. A person shall not place or distribute stickers, other than stickers provided by the election officials pursuant to law, in the polling room or in a compartment connected to the polling room or within 100 feet from any entrance to the building in which the polling place is located.*

*(2) A person shall not solicit donations, gifts, contributions, purchase of tickets, or similar demands, or request or obtain signatures on petitions in the polling room or in a compartment connected to the polling room or within 100 feet from any entrance to the building in which the polling place is located.*

*(3) On election day, a person shall not post, display, or distribute in a polling place, in any hallway used by voters to enter or exit a polling place, or within 100 feet of an entrance to a building in which a polling place is located any material that directly or indirectly makes reference to an election, a candidate, or a ballot question. This subsection does not apply to official material that is required by law to be posted, displayed, or distributed in a polling place on election day.*

*(4) A person who violates this section is guilty of a misdemeanor.*

41. Based upon information and belief, Defendants have misinterpreted the prohibited acts as delineated in *MCL 168.744* to prohibit the wearing *of "campaign buttons, or clothing bearing a campaign slogan or a candidate's name"*.

42. Within the *Michigan Department of State, Bureau of Elections, Election Inspector Training Coordinator Accreditation Workshop Manual*, the Defendants give the following directions to Election Inspectors:

> *Election Inspectors have the right to ask voters entering the polls to remove campaign buttons or cover up clothing bearing a campaign slogan or a candidate's name.*
> ***
> *If a person persists in violating any of the above restrictions, contact the clerk or, if necessary, local law enforcement authorities. See Exhibit 1.*

43. The directions given to the Election Inspectors is in violation of *MCL 168.744* and breaches a duty owed to Plaintiffs to only prohibit the persuading or endeavoring to persuade a person to vote for or against a particular candidate or party ticket, or for or against a ballot question.

44. *MCL 168.744* does not prohibit the mere wearing of campaign buttons or clothing bearing a campaign slogan or a candidate's name.

45. The simple wearing of campaign buttons or clothing bearing a campaign slogan or a candidate's name does not constitute persuading or endeavoring to persuade a person to vote for or against a particular candidate or party ticket, or for or against a ballot question.

46. Notwithstanding said duties and in willful violation thereof, the Defendants have violated the Michigan statutory, constitutional, voting and civil rights of Plaintiffs as herein.

47. As a direct and proximate result of the Defendants' violations as described above, Plaintiffs AFSCME Council 25 members, Phillips, and Williams have suffered and will continue to suffer the abridging or denial of the right to vote in the November 2008 election.

**Count II**
**Violation of Voting Right Acts**
***42 U.S.C. § 1971* and *42 U.S.C. § 1973***

48. Plaintiffs hereby incorporate by reference paragraphs 1 through 47.

49. At all times relevant hereto, Plaintiffs and Defendants were subject to the *Voting Right Acts as amended 42 U.S.C. § 1971 and 42 U.S.C. § 1973*.

50. The acts of Defendants as described above are in violation of Plaintiffs' rights under *42 U.S.C. § 1971 and 42 U.S.C. § 1973.*

51. Under *42 U.S.C. § 1971*, Defendants have a duty in determining whether any individual is qualified under State law or laws to vote in any election, not to apply any standard, practice, or procedure different from the standards, practices or procedures applied under such law or laws to other individuals within the same county, parish, or similar political subdivision who have been found by State officials to be qualified to vote.

52. Under *42 U.S.C. § 1973*, Defendants have a duty not to impose or apply any qualification or prerequisite to voting which results in a denial or abridgement of the right of any citizen of the United States to vote on account of race or color, or in contravention of the guarantees set forth by the statute.

53. Under *42 U.S.C. § 1973*, Defendants have a duty not to fail or refuse to permit any person to vote who is entitled to vote under any provision of the statute, or is otherwise qualified to vote, or willfully fail or refuse to tabulate, count, and report such person's vote.

54. Under *42 U.S.C. § 1973*, Defendants have a duty not to intimidate, threaten or coerce any person for urging or aiding any person to vote, or intimidate, threaten or coerce any person for exercising any powers or duties under the Acts.

55. Notwithstanding said duties and in willful violation thereof, the Defendants have violated the constitutional, voting and civil rights of Plaintiffs as delineated herein.

56. As a direct and proximate result of the Defendants' violations as described above, Plaintiffs AFSCME Council 25 members, Phillips, and Williams have

suffered and will continue to suffer the abridging or denial of the right to vote in the November 2008 election.

## Count III
## Violation of Freedom of Expression, Association,
## Due Process and Equal Protection

57. Plaintiff hereby incorporates by reference paragraphs 1 through 56.

58. At all times relevant hereto, Defendants were acting in their respective capacities as stated herein, under color of the law of the State of Michigan, and subject to this Court's jurisdiction.

59. Plaintiffs have been subjected because of the recited acts, to deprivation by the Defendants, under color of law, and the customs and usages of the state of Michigan, of rights, privileges, and immunities secured by the Constitution and Laws of the United States, and particularly rights to vote, association, speech, due process and equal protection of the laws guaranteed Under the First, Fifth, Fourteenth, and Fifteenth Amendments to the U.S. Constitution.

60. As a direct and proximate result of the Defendants' violations as described above, Plaintiffs AFSCME Council 25 members, Phillips, and Williams have suffered and will continue to suffer the abridging or denial of the right to vote in the November 2008 election.

## COUNT IV
## Preliminary Injunction

61. Plaintiff hereby incorporates by reference paragraphs 1 through 60.

62. Plaintiffs have a strong likelihood of success on Counts I through III of this Complaint.

63. Absent a preliminary injunction, Plaintiffs will be immediately and irreparably harmed in that Plaintiffs and others will have their right to vote abridged and/or denied.

64. Absent a preliminary injunction, the harm to Plaintiffs is substantial; in contrast, any harm to Defendants is minor at best.

65. The public interest weighs strongly in favor of letting every qualified resident of Michigan vote free of intimidation, coercion, or harassment.

**COUNT V**
**Permanent Injunction**

66. Plaintiff hereby incorporates by reference paragraphs 1 through 65.

67. Plaintiffs have a strong likelihood of success on Counts I through IV of this Complaint.

68. Absent a permanent injunction, Plaintiffs will be immediately and irreparably harmed in that Plaintiffs and others will have their right to vote abridged and/or denied.

69. Absent a permanent injunction, the harm to Plaintiffs is substantial; in contrast, any harm to Defendants is minor at best.

70. The public interest weighs strongly in favor of letting every qualified resident of Michigan vote free of intimidation, coercion, or harassment.

**COUNT VI**
**Declaratory Judgment**

71. Plaintiff hereby incorporates by reference paragraphs 1 through 70.

72. Pursuant to *28 U.S.C. § 2201(a)*, this Court "*may declare the rights and other legal relations of any interested party seeking such declaration whether or not further relief is or could be sought*".

73. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.  See *28 U.S.C. § 2201(a).*

74. Under the facts as delineated herein, there is an actual controversy between the parties, and a multiplicity of litigation will be avoided if all of these issues are determined by this court at one time.

75. This court has jurisdiction to adjudicate the matters at issue and enter its judgment declaring the rights of all parties to this action.

76. It is necessary for this court to adjudicate and declare the rights of the parties to this action to guide Plaintiffs' future conduct and preserve their legal rights.

**WHEREFORE**, Plaintiffs pray that:

1. This Court declare that the Defendants' interpretation and application *of MCL 168.744* as delineated in Defendants' directive to Election Inspectors, as found in the *Michigan Department of State, Bureau of Elections, Election Inspector Training Coordinator Accreditation Workshop Manual* is in violation *MCL 168.744,* the *Voting Right Acts (Title 42 USCS § 1971 and 42 USCS § 1973), the First, Fifth, Fourteenth and Fifteenth Amendments to the Constitution of the United States* and therefore void.

2. This Court issue preliminary and permanent injunctions enjoining Defendants, their agents, employees, successors and all persons in active concert and participation with them from enforcing, implementing or otherwise giving effect

to the Defendants' directive to Election Inspectors that; "*Election Inspectors have the right to ask voters entering the polls to remove campaign buttons or cover up clothing bearing a campaign slogan or a candidate's name. . . If a person persists in violating any of the above restrictions, contact the clerk or, if necessary, local law enforcement authorities*".

3. This Court grant Plaintiffs such other and further relief as to the Court may deem just and proper, together with cost and attorney fees.

Date: _____               Respectfully submitted,


                                       _____
                                       Herbert A. Sanders
                                       Attorney for the Plaintiffs




                                       _____
                                       Aina N. Watkins
                                       Attorney for the Plaintiff AFSCME only.

1